## GULF REFINING CO. v. CARRUTHERS.

No. 28321.   April 11, 1939.

Rehearing Denied May 16, 1939.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, and James B. Diggs, Jr., for plaintiff in error.

Cress, Tebbe & Cress, for defendant in error.

BAYLESS, C. J. R. W. Carruthers brought an action in the district court of Noble county, Okla., against Gulf Refining Company, a corporation, to recover the damages alleged to have been suffered as the result of the defendant's negligence in permitting a break to occur in one of its pipe lines, whereby oil escaped into a stream on his ranch. It is alleged that his cattle drank of the polluted water, and were thereby injured and destroyed. The defense of the company was that it had adequately discharged the legal duty it owed plaintiff, and there was no negligence on its part.

The plaintiff was forced to rely on the rule of res ipsa loquitur at the trial. He could do no more than show that oil escaped from the pipe line into the creek. The company demurred to his evidence, and it thereupon introduced its evidence. It is not now contended that the burden of going forward with the proof did not shift to the company. The company contends that when it did introduce its proof, it was not inherently improbable and it was not disputed by any direct evidence introduced by plaintiff, it completely destroyed the inference of negligence raised by plaintiff's proof; that there was nothing left to be submitted to the jury, and it was the court's duty to direct a verdict in favor of defendant.

The facts shown are: Company laid this line in 1923; the "break" occurred about October 15 or 16, 1935; the pipe was laid several inches under ground, and the only exposed part of it was that portion suspended in air where it crossed the creek from one bank to the other; that constant inspection was maintained, before oil was run through the pipe, while it was being run through the pipe, and after the flow of oil had ceased; that the break in the line consisted of a small hole on the underneath side; that oil escaped therefrom, and seeped or flowed alongside the buried line (entirely underground and not observable) until it reached the bank of the creek, where it discharged itself into the creek and was duly discovered. There is a wide variance between the estimates of plaintiff and defendant as to the amount of oil that escaped. Plaintiff's estimate was 1,000 to 1,500 barrels, while defendant's estimate was 15 or 20 barrels.

In the original brief filed by the defendant a number of errors were assigned, but many of them were not treated and we considered them abandoned.

Thereafter, the defendant filed a supplemental brief wherein it took up and urged some of the errors mentioned but not argued in the earlier brief. Upon consideration of the matters urged in the supplemental brief, we are forced to the conclusion that the judgment must be reversed for the failure of the trial court properly to instruct the jury; and, for this reason, the propositions of law discussed in the original brief or the answers thereto need not be discussed.

It is sufficient to say that the burden of defendant's argument on these matters of law was that the affirmance of the judgment would virtually amount to a rule of liability irrespective of negligence. However, as the defendant points out in the supplemental brief, our decision in the case of Gulf Pipe Line Co. v. Alred, 182 Okla. 400, 77 P.2d 1155, answers its contention in this case, and, in our opinion, is the rule of law applicable to this action. Therein

we held, in substance, that proof on the part of the plaintiff of the escape of quantities of oil from its pipe line onto the plaintiff's land and the pollution thereby of his water supply raised an inference of negligence that entitled the plaintiff to have the issue submitted to the jury; and that the burden of going forward with the proof rested upon the defendant. The rule deducible therefrom also is that the jury may infer negligence, that is, want of due care, from the fact of the escape of the oil and attendant circumstances. See, also, Gulf Pipe Line Co. v. Sims, 168 Okla. 209, 32 P.2d 902.

The defendant did not rely upon any of the defenses mentioned in Gulf Pipe Line Co. v. Sims, supra, such as an act of God, sabotage, or unavoidable accident.

The error necessitating the reversal of this judgment, as said before, was the failure of the trial judge properly to instruct the jury. The trial judge gave a general instruction containing the definition of negligence, but he did not give the jury an instruction that contained the elements of the duty owing from the defendant to the plaintiff in order that the jury might determine whether the defendant had properly discharged that duty.

The trial judge gave an instruction reading:

"You are instructed that under the law, and the undisputed facts in this case, the defendant owed to the plaintiff the duty to not allow oil from his pipe line as it crossed the plaintiff's pasture lands, to escape and run into the said creek in such a manner or in such volume as would injure the plaintiff's cattle.

"This being true, and it being admitted by defendant that some oil did escape from the defendant's said pipe line at the time and place in question, then the questions for you to determine are these:

"(1) Did the escaped oil from the defendant's pipe line proximately result in injury to any of the plaintiff's cattle then on the plaintiff's pasture through which the pipe line ran?

"(2) If so, to what extent were plaintiff's said cattle so injured, and how much damage did the plaintiff suffer as a proximate result thereof?

"In this connection, you are instructed that the proximate cause of an injury is a cause without which the injury, if any, would not have occurred."

It can be seen from this instruction that negligence is presumed, and there is not left to the jury any duty of determining from all of the facts and circumstances what care the defendant owed to the plaintiff, and whether the defendant had discharged that duty to plaintiff. It is true that the defendant did not deny that oil escaped from its pipe line onto plaintiff's land and into the creek, or, as the trial judge stated, they admitted it did. But this is a far different thing from admitting that they were negligent therein. The defendant did not so admit. Nor can the court invade the province of the jury by determining the issue, or by stating a rule of law that makes the defendant an insurer, or liable for the plaintiff's injury irrespective of negligence.

This was clearly pointed out in the case of Gulf Pipe Line Co. v. Sims, supra. There the court's instruction read, in part:

"You are instructed that if you find by a preponderance of the evidence in this case that oil of the Gypsy Oil Company escaped through the pipe line of the Gulf Pipe Line Company of Oklahoma and ran down the ravine so as to collect under or near the bridge, * * * then your verdict should be for the plaintiff. * * *"

We then discussed the contentions of the parties, and the rule of law applicable, and said:

"The court's instruction to the jury, as above quoted, based upon the rule of liability, irrespective of negligence, in this case, was erroneous and requires a reversal of the judgment. * * *

"The defendants in this case, of course, should be held to the proper degree of care consistent with their duties of diligence (20 R. C. L. 51), but when that rule is observed, no hardship will result from the requiring of those who allege negligence to prove negligence.

"At the conclusion of all of the evidence in this case, it was the duty of the court to instruct the jury upon all the issues of the case. One of those issues was whether or not the defendants were guilty of negligence. There was evidence tending to show negligence and there was evidence to the contrary. This presented an issue of fact to be determined by the jury. The erroneous instruction that the verdict should be for the plaintiff, irrespective of negligence, amounted virtually to an instruction for the plaintiff."

While there is much in both cases, Gulf, etc., v. Sims, supra, and Gulf, etc., v. Alred, supra, that is contrary to the defendant's argument upon the general propositions of law, there is nothing in either of them that allows for an instruction of liability irrespective of negligence. They are strongly to the contrary. There is much in both of the opinions that recognizes the difficulties un-

der which a plaintiff labors in proving the negligence he has alleged, and of the rules of law relating to presumption and the burden of going forward with the proof that have been adopted by the courts, but this falls far short of holding that negligence is no essential part of the jury's finding if the defendant is to be held.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded, with directions.

WELCH, V. C. J., and OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., absent.