## WARREN PETROLEUM CORP. v. HELMS.

No. 35269.   Dec. 23, 1952.

Rehearing Denied Jan. 27, 1953.

*252 P. 2d 447.*

Sam Colby, Madill, and Green, Farmer & Woolsey and J. B. Bailey, Tulsa, for plaintiff in error.

Welch & Welch, Madill, for defendant in error.

BINGAMAN, J.   This action was brought by plaintiff, Ray Helms, against Warren Petroleum Corporation to recover damages to plaintiff's livestock alleged to be the result of their drinking crude oil deposited on the land leased for agricultural purposes by plaintiff, it being alleged that the crude oil was blown from a drip in defendant's pipe line and permitted to remain on the land where plaintiff's cattle had access to it, and that they drank it and were thereby injured. Defendant answered by general denial, admitted that the pipe line belonged to them, alleged that the livestock did not drink the oil and that plaintiff had knowledge of the location of the drip and should have protected his cattle against the oil blown therefrom. The trial court submitted the cause to a jury which returned a verdict for plaintiff for both actual and exemplary damages sought by plaintiff. Defendant appeals.

From the evidence it appears that plaintiff had the property, which was located in Bryan county, leased for agricultural purposes and that defendant's gas pipe line ran across the land. Plaintiff testified that on the land was located a drip from which accumulated fluid in the pipe line was blown out upon the adjacent land and that the end of this drip was about 30 feet from the pipe line proper. He testified that as a usual thing when oil was blown out of a drip the employees of defend-

ant promptly burned or otherwise disposed of it so that it was safe for his cattle to graze on the land, but that on this particular occasion a quantity of crude oil was blown out of the pipe line and left undisposed of for a day or two. That he had cautioned the men who blew out the drips about burning or otherwise disposing of the oil, and that on this particular occasion he saw eight head of his cattle drinking from the pool formed by the operation of the drip; that he drove them away from the place but that they got sick, lost weight and refused to eat, and that one of them, a calf, died shortly thereafter. Other witnesses testified that they saw his cattle and that they looked sick and had lost weight, and a veterinarian testified that from the symptoms attending their sickness as testified to by plaintiff their condition was undoubtedly caused by the drinking of crude oil. Witnesses for the defendant testified to the contrary, although they admitted that the defendant had given its employees strict orders to burn any crude oil ejected from a drip immediately upon the closing of the drip, and two witnesses testified that on the day following the day the cattle drank the crude oil they saw fresh cattle tracks around the pool caused by the ejection of oil and water from the drip. The evidence also shows that the Pure Oil Company had one or more producing wells on this tract of land, and that it had unfenced slush pits thereon from which cattle could have gotten oil and other deleterious substances, but both plaintiff and his witnesses testified that at the time in question there were no fresh cattle tracks around the slush pits and that any cattle attempting to drink from them would have bogged down.

In this court plaintiff contends first that the operator of a pipe line is entitled to use so much of the land as is reasonably necessary for its operation and owes no legal duty to the lessee of the surface to fence the tanks or pools so as to prevent livestock from having access thereto, citing in support of this contention Mid-Continent Petroleum Corp. v. Rhodes, 205 Okla. 651, 240 P. 2d 95; Peters Petroleum Corp. v. Alred, 156 Okla. 249, 10 P. 2d 705, and other cases holding that an oil and gas lessee who produces oil from a tract of land covered by his lease is not required by 52 O.S. 1951 §296, to fence his tanks and machinery to prevent livestock from having access thereto. We do not consider these decisions applicable to the instant case.

In Johnson Oil Refining Co. v. Carnes, 174 Okla. 599, 51 P. 2d 811, we said that that statute related purely to oil and gas wells and had no reference to an oil refinery. We think the rule announced in that case governs the instant case.

In Gulf Refining Co. v. Carruthers, 185 Okla. 96, 90 P. 2d 407, we reversed the lower court in an action to recover damages caused by a break occurring in one of the defendant's pipe lines through which oil escaped and ran into a stream, injuring plaintiff's cattle which drank therefrom. The case was reversed because of an instruction by the trial court telling the jury in effect that if they found the oil did escape and plaintiff's cattle were injured thereby, the defendant was liable. On the second appeal in that case, 190 Okla. 61, 120 P. 2d 991, we affirmed a judgment for damages to plaintiff's cattle based on the negligence of the defendant, where the jury had been properly instructed that plaintiff could recover if the jury found that the defendant was negligent. In that case plaintiff's cattle had access to the oil for about two days.

In the instant case we think the trial court properly submitted to the jury the question of whether or not the defendant was guilty of negligence in not disposing of the oil, and that the evidence produced by plaintiff was sufficient to support the verdict of the jury.

Defendant in the lower court contended that where it was shown that the cattle had an ample supply of fresh water they would not drink crude

oil, it being admitted that in the instant case there was available to the cattle an ample supply of fresh water. But who can say that for some reason known to themselves the cattle would not leave the fresh water and drink oil or some other deleterious substance. The plaintiff testified positively that he saw them drink the oil, and there was no testimony to the contrary.

Defendant also contends that the trial court practically instructed a verdict for the plaintiff. It is true the trial court, in one instruction, quoted 52 O.S. 1951 §296 verbatim, but it did not instruct the jury that if they found defendant violated the statute it was negligence per se, but in its subsequent instructions defined the duty of defendant and properly instructed the jury on the theory of ordinary or common law negligence. It follows that the quotation of the statute, if erroneous, was harmless error, and that defendant was not prejudiced thereby.

Defendant also contends that the testimony adduced by plaintiff did not establish the market value of the cattle, but only gave to the jury the defendant's idea of his loss. We are unable to agree with this contention. While plaintiff did testify that his cattle depreciated in value in certain amounts, and also testified as to the value of prematurely born calves and of one calf that died of the effect of drinking the oil, he testified that he was familiar with the market value of cattle at the time and we think his testimony as to value went to market value, although he did not at all times use the word "market" in connection with values. His testimony was reinforced by that of another witness who testified that in his judgment plaintiff's loss by reason of the depreciated value of the cattle amounted to $1,100.

Plaintiff further testified that a short time thereafter he sold 152 head of his cattle, including the seven injured by drinking the crude oil, and that while he averaged $70 a head for those injured as a result of drinking the oil, his other cattle brought $190 per head. We think the evidence of plaintiff was sufficient to establish the depreciation in market value of the cattle.

Defendant also contends that the trial court erred in submitting to the jury the question of exemplary damages. Plaintiff contends that the evidence shows gross negligence on the part of defendant, citing 23 O.S. 1951 §68. We think defendant's contention must be sustained. In Pure Oil Co. v. Quarles, 183 Okla. 418, 82 P. 2d 970, we said that to entitle a plaintiff to recover exemplary damages on the ground of gross negligence, the negligence must be such disregard of another's rights as to be deemed equivalent to an evil intent. Measured by this standard, the evidence in the instant case is wholly insufficient to show gross negligence on the part of defendant. From the record it appears that the failure to burn the oil at this particular drip was due to inadvertence or oversight on the part of an employee temporarily charged with the duty of attending to the drips in the absence of the employee who usually took care of them. The trial court erred in submitting the question of exemplary damages to the jury.

The judgment is affirmed in so far as it gives the plaintiff actual damages and reversed in so far as it awards him exemplary damages.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.