**CLEARY PETROLEUM, INC., a corporation, Plaintiff in Error,**

v.

**Roy A. COPENHAVER, Defendant in Error.**

No. 42372.

Supreme Court of Oklahoma.

Oct. 27, 1970.

Rhodes, Hieronymus, Holloway & Wilson by Page Dobson, Oklahoma City, for plaintiff in error.

Chas. R. Gray, W. N. Palmer, Pawhuska, for defendant in error.

McINERNEY, Justice.

This appeal is from a jury verdict awarding damages to the Plaintiff-cattle rancher against the Defendant-oil company for injuries sustained by Plaintiff's cattle as a result of drinking water polluted ultimately by Defendant's waterflood project.

The Plaintiff and a neighbor both testified to having tasted the creek during the period involved, and to finding it "very" or "real" salty. No eyewitness actually saw any of Plaintiff's cattle drink the creek water; however, Plaintiff and other witnesses testified to observing fresh tracks and dung along the creek at the time in question, and also to seeing oil slicks on the cattle's legs. There were periods during the time in question when the fresh water ponds on Plaintiff's pasture were frozen over, thereby leaving the unfrozen creek as the only source of liquid water available to the cattle. Plaintiff testified that his herd was fifty strong, all springer cows, before the pollution; and that after the commencement of the pollution virtually all of them exhibited symptoms of salt water sickness, with most subsequently aborting. Plaintiff's veterinarian testified to having examined Plaintiff's herd shortly after commencement of the pollution, and offered his expert conclusion and opinion that the cattle's symptoms and maladies were caused by ingestion of intolerable amounts of the salt water or "brine", which the veterinarian further testified to having personally tasted. Plaintiff also introduced evidence as to the pecuniary damages from the pollution.

Defendant's primary assignment of error challenges, in effect, the sufficiency of the evidence to support the Plaintiff's verdict. Defendant relies heavily on Prest-O-Lite Co., Inc. v. Howery, 169 Okl. 408, 37 P.2d 303 (1934), wherein a livestock-pollution verdict for the farmer was reversed by this Court upon the record's disclosure that neither the farmer nor his veterinarian had either tasted the water or had it analyzed, but only "felt" it; where the veterinarian had only "assumed" that the livestock had been injured by the water; where the corporate defendant introduced a chemical analysis affirmatively disproving any pollution; and where the corporation had conducted its operation over a fifteen-year period, during the entirety of which the creek's ecology remained apparently unaffected.

■ In the instant case Plaintiff adduced direct evidence that the creek was in fact polluted with brine, and offered a veterinarian's direct expert opinion, based on both medical and informal chemical observations made by him personally, that the cattle were in fact proximately injured by ingestion of salt water. These facts distinguish the present case from *Howery*. The evidence is sufficient to submit the question of liability to the jury for its determination. Gulf Refining Co. v. Carruthers, 190 Okl. 61, 120 P.2d 991 (1942); Phillips Petroleum Co. v. Bartmess, 181 Okl. 501, 503, 76 P.2d 352, 354 (1937). See also Warren Petroleum Co. v. Helms, 207 Okl. 699, 700–701, 252 P.2d 447, 449 (1953).

The Defendant's other main argument is to the question of damages. The evidence was that the 50 springer cows had a market value of $300 to $350 each before their salt-water poisoning, and that 16 of them were afterwards sold at prices ranging from $101 to $146. Defendant concedes in its brief the extremity in values (of $350 before and $101 after, for a market drop of $249 per cow) for computing proper damages if liability be sustained, which total $3984 for the 16 cows.

Defendant's dispute, then, is limited strictly to the difference between the amount awarded, $4500, and the amount conceded, $3984, or $516. On the premise that the 34 cows retained by Plaintiff eventually recovered—thereby saving Plaintiff

from any permanent market loss therein—Defendant attacks the $516 figure as representing a purely temporary, or untaken "paper" loss in said cows, citing Ohio Oil Co. v. Elliott (10th Cir., 1958) 254 F.2d 832, construing Oklahoma law.

 Whether an untaken *temporary* drop in livestock market value is recoverable in Oklahoma may be an arguable point. Compare Sun Oil Co. v. Hoke, 197 Okl. 261, 169 P.2d 753 (from which the assailed damages Instruction No. 6 herein was taken virtually verbatim, 197 Okl. at 266, 169 P.2d at 758), with Kerr-McGee Corp. v. Petchinsky, Okl., 438 P.2d 475, 477 (1968). Defendant's whole position, however, overlooks the obvious fact that a component of the market value of a springer cow is clearly contributed to or enhanced by the carried calf. We cannot say that the loss occasioned by the abortions does not constitute legal injury. Darby Petroleum Corp. v. Rogers, 183 Okl. 415, 82 P.2d 839 (1938), and Gulf Oil Corp v. Miller, 198 Okl. 54, 175 P.2d 335 (1946).

The evidence indicated that of the 50 springer cows, only 12 subsequently "raised" or had their calves. Deducting from the remainder the number 16 as already included in the market loss of the cows that were sold, this still leaves 22 aborted calves to sustain the "extra" award of $516. We decline to hold this figure excessive under a general verdict.

Defendant's remaining contentions require little discussion. Defendant assails the Instruction No. 4 which in effect directed the jury to find any violation of 52 O.S.1961, § 296, to constitute negligence per se. The statute by its terms prohibits pollution from oil and gas wells. Defendant cites two cases where the statute was held restricted in view of those terms to pollution from *wells*, but inapplicable therefore to pollution from refineries, or from pipelines. Johnson Oil & Refining Co. v. Carnes, 174 Okl. 599, 51 P.2d 811 (1935), and Gulf Pipeline Co. v. Alred, 182 Okl. 400, 77 P.2d 1155 (1938). Defendant also cites Tidal Oil Co. v. Pease, 153 Okl. 137,

5 P.2d 389 (1931), wherein this Court indicated that the statute was inapplicable to pollution confined to pits or ponds located on the operator's own premises. The present case, however, does not come within any of the preceding exceptions to the statute since the pollution here emanated from a plugged and abandoned well located upon Defendant's waterflood lease and thereafter entered a stream crossing Plaintiff's pasture. The Defendant's arguments and authorities cited, therefore, fail to demonstrate the statute's inapplicability, and for this reason we decline to hold erroneous the action of the trial court in basing its negligence per se instruction thereon.

As for Defendant's assignment of error regarding the "note-taking" by a juror, we merely observe that this question has been decided adversely to Defendant. State ex rel. Dept. of Highways v. Lehman, Okl., 462 P.2d 649 (1969).

Affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES and LAVENDER, JJ., concur.