UNITED STATES of America, Appellee,

v.

**D. R. MACLEAN, a/k/a Daniel Martorella a/k/a John D. Humphreys, Appellant.**

No. 77–2187.

United States Court of Appeals, Third Circuit.

Argued March 28, 1978.

Decided June 30, 1978.

Blair A. Griffith, U.S. Atty., Thomas A. Crawford, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Charles F. Scarlata, Scarlata & DeRiso, Pittsburgh, Pa., for appellant.

Before ALDISERT, GIBBONS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

HIGGINBOTHAM, Circuit Judge.

The propriety of note-taking by jurors is a matter of first impression for this court. The subject has already been addressed, however, by most circuits, many state courts, legislatures and scholars. We join in the unanimous view of federal appellate courts that have decided the issue: Whether or not to allow note-taking by jurors is a matter committed to the sound discretion of trial judges. That discretion was not abused here and, therefore, the judgment of conviction will be affirmed.

A jury found the defendant D. R. Maclean guilty on all nineteen counts of an indictment alleging violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1342 (use of a fictitious name to defraud) and 18 U.S.C. § 371 (conspiracy). The substance of the charges is that the defendant fraudulently induced owners of undeveloped property in Florida to attempt to sell their properties through his company. The defendant profited from the resulting advertising fees.

Defendant argues that the district court committed reversible error by allowing jurors to take notes and in failing to make those notes part of the record. Although the exact sequence of events is not completely clear, it was apparently brought to the court's attention that one of the jurors had a writing pad, and after a side bar conference, the jurors were told that they could take notes and they were cautioned as to the proper use of the notes. After this initial instruction, no other instruction was given prior to the jury's deliberation or at any other time. Only one juror actually took notes. This juror became foreman of the jury.

The Supreme Court has never addressed the note-taking issue.[1] The following circuits have held that it is within a trial judge's discretion to allow note-taking: Second (*U. S. v. Bertolotti*, 529 F.2d 149 (2d Cir. 1975)); Fifth (*U. S. v. Pollack*, 433 F.2d 967 (5th Cir. 1970)); Seventh (*U. S. v. Braverman*, 522 F.2d 218 (7th Cir.), *cert. denied*, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 302 (1975)); Eighth (*Chicago & N. W. Ry. v. Kelly*, 84 F.2d 569 (8th Cir. 1936)); Ninth (*Toles v. U. S.*, 308 F.2d 590 (9th Cir. 1962), *cert. denied*, 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963)); Tenth (*U. S. v. Riebold*, 557 F.2d 697 (10th Cir. 1977), *cert. denied*, 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133 (1977)); and the District of Columbia (*Goodloe v. U. S.*, 88 U.S.App.D.C. 102, 188 F.2d 621 (1950), *cert. denied*, 342 U.S. 819, 72 S.Ct. 35, 96 L.Ed. 619 (1951)).

On the state level, a number of legislatures have enacted statutes permitting jurors to take notes.[2] At least one state has a rule prohibiting note-taking.[3] Most states, however, leave the question to the discretion of the trial judge.[4] Reactions to note-taking in the legal literature have been mixed with majority sentiment probably leaning towards at least leaving the matter to the trial judge's discretion.[5]

The Report of the Judicial Conference Committee on the Operation of the Jury System, 26 F.R.D. 411, 424 (1960), made the following recommendation:

XX. Trial jurors should, in the discretion of the trial judge, be permitted to take notes for use in their deliberations regarding the evidence presented to them and to take these notes with

---

1. In *Agnew v. U. S.*, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624 (1897), exception was taken to the trial judge's permitting note taking, but the court did not discuss the issue because the record did not show that any notes were taken.

2. These statutes are collected in Parry, *Taking Note of Note-Taking*, 10 Columbia Journal of Law and Social Problems 565, 585 n.102 (1973–74).

3. *See* Pennsylvania Rule of Criminal Procedure 1113.

4. *See* Parry, *supra* note 2, at 587; 37 Temple L.Q. 332 (1964).

5. *See, e. g.*, Bomberger and McNagny, *Should Jurors be Allowed to Take Notes?*, 32 J. Am. Jud. Soc'y 57 (1948) (Bomberger argues for and McNagny against note-taking); 18 *U.Pitt.L. Rev.* 800 (1957) (favoring note-taking). Other discussions of the issue include: 14 A.L.R.3d 831; Wright, *Federal Practice and Procedure Criminal* § 382, 75 Am.Jur.2d Trial § 934.

them when they retire for their deliberations. When permitted to be taken, they should be treated as confidential between the juror making them and his fellow jurors.

Standard 4.2 of the Standards Relating to Trial by Jury published under the auspices of the American Bar Association Project on Minimum Standards for Criminal Justice (Approved Draft 1968) provides:

> 4.2. Note taking by jurors.
>
> Jurors may take notes regarding the evidence presented to them and keep these notes with them when they retire for their deliberations. Such notes should be treated as confidential between the juror making them and his fellow jurors.

The obvious and strongest argument in favor of allowing note-taking is that, when done properly, it is a valuable method of refreshing memory. In addition, note-taking may help focus jurors' concentration on the proceedings and help prevent their attention from wandering.

The arguments against note-taking are more numerous if not more weighty. Probably the gravest concern is that the best note takers (or the only note taker) may dominate jury deliberations. It has been asserted that a dishonest juror could sway the verdict by falsifying notes. Others fear that jurors will attach too much significance to their notes merely because they are in writing, and attach too little significance to their own independent memory. Another concern is that jurors, busily taking notes, may miss important testimony. Jurors, who are not trained or experienced in note-taking, may accentuate irrelevancies in their notes and ignore the more substantial issues and evidence. Also, note-taking jurors may not pay sufficient attention to witnesses' behavior which is so important in assessing credibility.[6]

■ We need not conclude whether the dangers of note-taking outweigh its benefits. We do conclude, however, that the

benefits are substantial enough to allow trial judges to decide, in each case, whether note-taking should be permitted. Since the value of note-taking will vary according to the complexity and quantitative nature of each trial as well as according to the abilities and desires of the jurors, the decision on whether to permit note-taking is best left to the trial judge to make based on the circumstances of each case. "It is the [trial] judge . . . who has the ultimate responsibility for the conduct of a fair and lawful trial." *Lakeside v. Oregon*, 435 U.S. 333, 341, 98 S.Ct. 1091, 1096, 55 L.Ed.2d 319 (1978).

We are confident that the dangers of note-taking can be substantially avoided by proper instruction to the jury. As the Supreme Court recently reiterated, "[W]e have not yet attained that certitude about the human mind which would justify us in . . . a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instruction of the trial court . . . ." *Lakeside v. Oregon, supra,* at 340 n.11, 98 S.Ct. at 1095 quoting *Bruno v. United States,* 308 U.S. 287, 294, 60 S.Ct. 198, 84 L.Ed. 257 (1939).

■ Jurors should be instructed that their notes are only aids to memory and that they are not conclusive and should not be given precedence over their independent recollection of the facts. *See U. S. v. Bertolotti, supra,* 529 F.2d at 160; *Toles v. U. S., supra,* 308 F.2d at 594, and that a juror who does not take notes should rely on his or her independent recollection of the evidence and not be influenced by the fact that another juror has taken notes. Jurors should also be told that they must not allow their note-taking to distract them from the ongoing proceedings. *See U. S. v. Riebold, supra,* 557 F.2d at 706; Devitt and Blackmar, *Federal Jury Practice and Instructions,* § 10.06. That the contents of the notes must not be disclosed except to other jurors should also be made clear. *See* Devitt and Blackmar, *supra,* § 10.06.

In the instant case, the jurors were instructed as follows:

---

6. For a study of the reactions of federal, Pennsylvania and California trial judges to the argu- ments pro and con, see Parry, *supra* note 2 at 605–606.

A second matter that I think we can process is a request that was made by one of the jurors having to do with taking notes. The taking of notes by jurors has been frowned upon by many courts because of the danger that in the course of the jury's deliberations such notes may be given more significance than they may deserve. Also, it's feared that while a juror may be taking notes on a particular point, some very important items of testimony that follow may be overlooked, the juror being preoccupied in recording impressions on a particular point. It's my view, however, that if a juror wishes to take notes which may help to refresh his or her own memory, particularly when an indictment contains a number of counts and the testimony of the witnesses is prolonged and it takes over an unusual period of time, that the juror should be permitted to take such notes. I emphasize, however, that such notes are not entitled to any greater weight than the recollection or the impression of any other juror as to what the testimony may have been or what the conclusions should be arrived at and with that understanding the taking of notes by jurors will be permitted. It is hoped that you will fully understand that they are not official transcripts and may not cover points that are significant to another juror, but if a juror wishes to keep his or her mind refreshed as to the testimony in the case as it goes along, the Court will not prohibit the taking of notes.

 This instruction fully informed the jurors of the proper use of notes and the pitfalls to be avoided. Although it is perhaps advisable to repeat instructions on note-taking immediately prior to the jury's deliberation, the failure to do so is not reversible error particularly where, as here, no such instruction was requested. Once the jury is properly instructed, it is not significant that only one juror decided to take notes. *See Goodloe v. U. S., supra.* That the sole note-taking juror here became foreman of the jury does not alter this conclusion. There is no need, absent some specific indication of prejudice, for the court to examine the notes or to make them part of the record. *See U. S. v. Bertolotti, supra.*

Because we hold that the district court did not err in its handling of the note-taking issue and because we hold that defendant's other contentions are without merit,[7] the judgment of conviction as to all counts will be affirmed.

---

7. Defendant also contended on appeal that:
   1) he was deprived of his right to a speedy trial;
   2) he was denied a fair trial because of prosecutorial misconduct; and
   3) the admission of a mail survey conducted by Postal Inspector Trainor was reversible error.