This is an appeal by the plaintiff from an order denying a new trial in a medical malpractice case in which the jury returned a verdict for the defendants. We affirm.
Plaintiff Floyce Marie Reece had for a number of years prior to June 1, 1978, been treated for ulcers by William H. Simpson, M.D., who was a physician in Gadsden and a member of Simpson and Ennis Clinic (which was also named a defendant). In her complaint, she charged that Dr. Simpson was negligent in prescribing the drug Tanderil to her because this drug was described by its manufacturer as being "contraindicated" to persons who suffer from ulcers.
On appeal, the plaintiff argues that the trial court erred in denying her motion for new trial because, she argues, the trial court's oral charge to the jury was erroneous. More specifically, she says the court's oral charge contained an erroneous definition of negligence in a medical malpractice case.
First, we note that no objection was made to the court's oral charge and, therefore, we would be powerless to reverse even if the plaintiff's argument was meritorious. As we held in RecordData International, Inc. v. Nichols, 381 So.2d 1 (Ala. 1979):
 "Rule 51, ARCP specifies that error may not be assigned for the giving of a defective charge unless the party seeking to assign error objects to that portion of the charge which is defective before the jury retires to consider its verdict, and specifically states the matter to which he objects and the grounds of his objection. . . .
 "Rule 51 affords the trial court an opportunity to correct any error in its charge before it becomes error with injury to reversal."
381 So.2d at 7. The plaintiff did not comply with Rule 51, ARCP. But we have read the court's entire oral charge and find it to be without error.
The thrust of the plaintiff's argument is that the court erred in giving the jury a general definition of negligence in a medical malpractice case. This was not error. The court correctly charged the jury on the standard of care in medical malpractice cases; in fact, the oral charge stated the standard several times, as follows:
 "[A] doctor, a physician, in performing professional services for a patient, must use that degree of care, skill and diligence *Page 69 
which is ordinarily possessed and used by the doctors or physicians in the same general community in the same general line of practice and on the same or similar circumstances."
It was not error to define negligence for the jury. After all, the plaintiff's complaint charged the defendants with negligence.
Finally, the plaintiff contends that the court erred in denying a new trial because a juror took handwritten notes to the jury room. We disagree. The notes were taken by the juror during the course of the trial and were introduced at the hearing on the motion for new trial. They are no more than notes taken as an aid to memory. The juror's affidavit indicates that, while she took notes, "we considered all the evidence from the witnesses and the exhibits, along with the Court's oral instructions, in making a final decision." She also said none of the jurors was given any instructions by the court not to take notes.
The fact that a juror takes notes during the course of the trial and takes them to the jury room does not per se compel a new trial. As set out in Pattern Jury Instruction 1.15, APJI — Civil:
 "Ladies and gentlemen you have a legal right to take notes during the trial but the court does not recommend the taking of notes by jurors generally. Where there is evidence which deals with figures and mathematical calculations note taking may be useful to you. If notes are taken by you, they should be taken simply as an aid to memory and for your assistance in that regard and not as authoritative records to show to other jurors."
There is nothing in the record before us to indicate that the juror's notes were treated as anything more than an aid to memory. The trial court's denial of a new trial on this ground was not error.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.