**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John E. JONES, Defendant-Appellant.**

**No. 46322.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Henry Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant was found guilty by a jury, convicted of attempted robbery in the second degree, § 564.011, § 569.030 RSMo. 1978, and sentenced to 15 years in the custody of Department of Corrections as a persistent offender, § 558.016 RSMo.1978. He appeals. The judgment is affirmed.

Appellant raises two points on appeal. He asserts the trial court erred in denying his challenge for cause of a venirewoman. He also charges the trial court erred in failing to inform defense counsel that one of the jurors had taken notes.

The facts of the case are as follows: On January 19, 1982, appellant and two other men approached the victim Carolyn Hyman as she was leaving Sarah Lou's restaurant in St. Louis. A struggle ensued in which appellant and one of the men tried to grab Ms. Hyman's purse. The restaurant owner, seeing the struggle, was the first one out of the door to break it up. Two off duty employees of the city workhouse also came out, and each grabbed one of the incipient snatchers. Both identified appellant at trial. Appellant does not question the sufficiency of the evidence.

Appellant's first point on appeal is that the trial court erred when it improperly refused to strike venirewoman Alastine M.

Burton for cause. Appellant's point has no merit.

The fundamental purpose of the voir dire examination is to determine whether each individual "would be fair and impartial if chosen as a juror." *State v. Pennington,* 642 S.W.2d 646, 649[9–11] (Mo. 1982). A defendant in a criminal case always had the right to a full panel of qualified jurors before exercising his peremptory challenges. *State v. Gray,* 657 S.W.2d 296, 298 (Mo.App. Eastern District 1983); *State v. Morrison,* 557 S.W.2d 445, 446[1] (Mo. banc 1977); *State v. Pride,* 567 S.W.2d 426, 432[8] (Mo.App.1978); *State v. Cuckovich,* 485 S.W.2d 16, 22[10] (Mo. banc 1972).

Whether or not a venireman should be stricken for cause is within the discretion of the trial court. In *State v. Treadway,* 558 S.W.2d 646, 649[1, 2] (Mo. banc 1977) cert. denied 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), overruled on other grounds, *Sours v. State,* 593 S.W.2d 208, 210[1] (Mo. banc 1980), the Missouri Supreme Court stated:

In determining the qualifications of a prospective juror, the trial court has very wide discretion, and the court's ruling will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion.... All doubt should be resolved in favor of the finding of the trial court because he is in a better position to determine a challenge for cause than an appellate court.

Ms. Burton, the juror in question, is a teacher. At first she thought the defendant might have been a former student, but after interrogation by the court and defense counsel it was determined that defendant in fact had not been her student.

In response to defense counsel's question whether there was any reason why any juror could not be fair or impartial, Ms. Burton at first said she felt uncomfortable "being in a position to pass judgment on anybody's guilt or innocence." She also indicated she would sympathize with the victim of a crime.

A somewhat lengthy interrogation by the court and defense counsel ensued. After the court explained she shouldn't reach a conclusion until she heard the evidence and the court's instructions, Ms. Burton said she would do her best. She said she knew it was her duty to follow the law and be fair. She indicated she understood she must reach a verdict based on the law and the evidence. When the court asked if she thought she could give both sides a fair trial, she replied, "Yes, sir, I'll try."

Under these circumstances it cannot be said the trial court abused its wide discretion in refusing to strike venirewoman Burton. *State v. Treadway, supra.*

Appellant relies on *State v. DeClue,* 400 S.W.2d 50, 56–57 (Mo.1966) to substantiate his contention that it was error for the trial court to deny his motion to strike Ms. Burton for cause. In *DeClue* the defendant was on trial for obtaining property and services by means of a check drawn on a bank in which defendant knew he had no funds. The case under review is distinguishable from the facts in *State v. DeClue.* In *DeClue,* the venireman's business was plagued with bad checks and as a result he could not answer unequivocally that he could put aside his past experience and judge the case on its facts. *DeClue* does not aid appellant.

Appellant's second point is leveled at the trial court's failure to inform the defense that a juror was found to have been taking notes throughout the trial.

After the jury returned its verdict and was discharged the following proceedings were had at the bench:

Appellant's Attorney: "Your honor, at this time I'd like to make a record. After the jury had announced their verdict and the judge began to address the jury informally and off the record it came to the attention for the first time, at least to the attention of defense counsel, for the first time that apparently one of the jurors had been taking notes during the course of the trial. I don't believe the prosecutor

had heard about this until this moment either."

\* \* \* \* \* \*

Appellant's Attorney: "And I was going to ask the court at what time these notes were brought to its attention."

The Court: "Well, the case started this morning and by noon we were finished with the evidence, so it had to be in the morning."

Appellant's Attorney: "You remember whether it was before break?"

The trial judge replied that after the morning break he noticed juror McNary taking notes. Appellant's counsel then said she thought it was error for the court not to have brought this to the attention of the defense counsel at the time it became apparent to the court Juror McNary was taking notes. The trial judge asked the record to show that "the juror did not use these notes to base their deliberations or their verdict on."

■ Appellant's complaint is that the trial judge should have informed defense counsel about the note-taking before the trial ended. After the jury rendered its verdict it was too late to show prejudice. Jurors may not impeach a verdict once it is rendered. *State v. Robinson,* 117 Mo. 649, 23 S.W. 1066, 1071 (Mo.1893); *State v. Foster,* 490 S.W.2d 659 (Mo.App.1973).

■ A trial court's approval or denial of a juror's note-taking in any particular case is usually sustained as being a matter within its discretion. *Tennis v. General Motors Corp.,* 625 S.W.2d 218, 224[8] (Mo.App.1981).

Where, as here, it is not shown that the notes had a persuasive effect on the jury or that the notes were used during the jury's deliberations, the trial court's approval of note-taking will not be reversed. See Annot., Taking and Use of Trial Notes by Jury, 4 A.L.R.3d 831 (1965), § 6, 75 Am. Jur.2d Trial § 934 (1974).

■ The trial court found that the notes were not used as a basis for the verdict or during the jury's deliberations. This court cannot say that the trial court's failure to

inform appellant of juror McNary's note-taking was error.

The judgment is affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.