The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert Leroy ELLINGER, Defendant–Appellant.

No. 86CA0287.

Colorado Court of Appeals, Div. III.

Oct. 8, 1987.

Rehearing Denied Nov. 5, 1987.

Certiorari Denied May 9, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Perkins, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Robert Ellinger, was convicted of four counts of aggravated incest and nine counts of sexual assault on a child. He was sentenced upon these convictions and appeals the judgments and sentences entered thereon. We affirm.

I

█ Initially, we reject defendant's contention that the trial court committed plain error in failing to require the prosecution to select the specific instances of sexual assault being relied upon. *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980), relied upon by the defendant, was not a plain error situation and does not place the initial burden of selection upon the People. *See generally* § 18–1–408, C.R.S. (1986 Repl. Vol. 8B).

II

█ Defendant next argues that he was erroneously convicted of both the incest and sexual assault offenses because the latter crime is a lesser included offense of the former. We disagree. Sexual assault on a child, § 18–3–405(2)(b), C.R.S. (1986 Repl.Vol. 8B), is not a lesser included offense of aggravated incest, § 18–6–302(1)(a), C.R.S. (1986 Repl.Vol. 8B), because the factual predicates for the former crime are not necessarily subsumed in the latter. Rather, when the offenses are supported by identical evidence the sentences imposed must run concurrently. Section 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B).

III

Defendant also asserts the trial court erred by allowing jurors to take notes without giving adequate instructions concerning the use of the notes and without informing counsel prior to juror selection of its intent to permit note-taking. We are not persuaded.

█ Despite the possible drawbacks in allowing jurors to take notes, the potential benefits of such practice often outweigh the dangers, and the issue is one within the discretion of the trial court. *Loggins v. People*, 178 Colo. 439, 498 P.2d 1146 (1972); *People v. Martinez*, 652 P.2d 174 (Colo. App.1981).

█ Here, defendant objected to the taking of notes generally. However, he did not request limiting instructions on the use of notes by the jurors. Nevertheless, pointing to dicta in *Loggins* and *Martinez*, *supra*, he argues that a trial court must *sua sponte* instruct the jury on the manner in which notes may be taken and how they should be used. We conclude that absent a specific request for instruction by a defendant, the giving of limiting instructions is also within the discretion of the trial court.

*See Billings v. People,* 171 Colo. 236, 466 P.2d 474 (1970).

 We are aware of no authority that requires a trial court to advise parties before voir dire of its intent to allow the use of notes; therefore, the trial court did not err in failing to so inform the parties.

## IV

Defendant's final contention that the evidence was insufficient as a matter of law is without merit. *See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

The judgments and the sentences are affirmed.

KELLY and CRISWELL, JJ., concur.