Jack D. SLIGAR, Jr. and Valerie Sligar, Husband and Wife, Appellees/Plaintiff,

v.

Flora BARTLETT and/or John Doe, individually and as personal representative of the Estate of Paul Bartlett, Deceased, and Flora Bartlett and/or John Doe as Administrator of the Estate of Paul Bartlett, Deceased, Appellants/Defendants,

v.

MID–CONTINENT CASUALTY COMPANY, Appellant/Intervenor.

No. 83222.

Supreme Court of Oklahoma.

April 16, 1996.

Rehearing Denied May 22, 1996.

A. Mark Smiling, Scott R. Taylor, Wilburn, Masterson & Smiling, Tulsa, for Appellant, Flora Bartlett.

David Humphreys, Gerald L. Hofmeister, The Humphreys Law Firm, Tulsa, for Appellee, Jack D. Sligar, Jr.

SUMMERS, Justice:

Consideration of two questions will dispose of this appeal: (1) Did the trial court err in permitting jurors to take notes during a personal injury trial and use those notes during deliberations? (2) Did the trial court abuse her discretion in awarding Plaintiff a new trial after a Defendant's verdict? The answer to the first is no, but because the answer to the second is also no, for reasons we will explain, the order granting a new trial is affirmed.

The Plaintiff, Jack Sligar, sustained injury when his car was hit by a vehicle driven by the defendant, Paul Bartlett, deceased. Plaintiffs brought suit and a jury trial was held. During opening statements Plaintiff's counsel observed a juror taking notes and informed the trial court. The judge assured both parties that the notes would be confiscated before deliberations. However, when the jury went out to deliberate neither counsel reminded the trial court of the notetaking, and the court did not confiscate the notes. Apparently, the jury relied on the notes to some degree in reaching a verdict for the Defendant.

After discovering the content of the notes, in which a juror wrote that she "saw Jack in hall smoking—no limp sometimes," Plaintiffs moved for a new trial. The trial court granted the motion on the grounds that "the court should have confiscated the notes". Defendant appealed and the Court of Appeals reversed. The appellate court held it was within the trial court's discretion to permit jurors to take notes, citing *State ex rel. Dept of Highways v. Lehman,* 462 P.2d 649 (Okla. 1969), and thus concluded that because notetaking is permissible, it was error for the trial court to have granted a new trial. We

have granted certiorari. We now vacate the Court of Appeals opinion and reinstate the trial court's grant of a new trial.

## I.

## NOTETAKING BY JURORS

█ In civil cases Oklahoma departs from the common law rule and permits the issue of notetaking by jurors to be left to the discretion of the trial judge. In *State ex rel. Dept. of Highways v. Lehman, supra,* the trial court granted a new trial because a juror was permitted to take notes, and the defendant did not voice an objection because of the fear of resentment by that juror. Noting that a "vast majority" of jurisdictions have permitted notetaking, this Court held that notetaking could be permitted and was within the discretion of the trial court. *Id.* at 651.

It is known that trial judges, appellate judges and attorneys take notes during a trial or hearing to refresh their memory. Why should a juror be treated any differently? It is not a question of allowing the introduction into a jury room during deliberations of an outside memo or matter that has not come through the critical eye of the trial judge, such as a memo or matter that was excluded from or not introduced into evidence. The notes of a juror are merely an aid in determining what took place in the court room just the same as if he had used his power of recall or memory. It is common knowledge that all do not possess the same degree of retentiveness or recall. If a juror feels that it would aid in his rendering a more informed opinion upon the issues of the trial, there is no

reason why this court should stand in his way. This rule is, of course, subject to the discretion of the trial judge in maintaining an atmosphere of a fair impartial trial. *Id.* at 651.

The case did not report that the juror took her notes into the deliberation room, but since the case did not report otherwise it is likely she did. Implicit in the ruling is that she could have done so permissibly. This ruling was upheld in *Cleary Petroleum, Inc. v. Copenhaver,* 476 P.2d 327, 329 (Okla.1970).

The Oklahoma Court of Criminal Appeals has held differently. In *Glazier v. State,* 514 P.2d 87 (Okla.Crim.App.1973) that Court held that it is within the discretion of the court to permit a juror to take notes, but such notes must never be used during deliberations. In *White v. State,* 552 P.2d 1161 (Okla.Crim.App.1976), a juror took notes taken during the trial into deliberations. The Court of Criminal Appeals held this error did not warrant reversal because the notes were not used during the deliberations.

At early common law jurors were not permitted to take notes because most were unable to read or write. *Watkins v. State,* 216 Tenn. 545, 393 S.W.2d 141, 144–145 (1965). The common law rule grew from a suspicion that a "lettered" juror would be revered, and thus excessively persuasive to the other jurors who could not read or write. To guard against this notetaking was prohibited. *Id.*

Currently, an overwhelming majority of both state and federal courts allow trial courts the discretion to decide whether notetaking by jurors would be beneficial in a particular case.[1] In so doing, many have acknowledged the arguments against note-

1. The federal courts which permit notetaking are as follows: *United States v. Wild,* 47 F.3d 669 (4th Cir.1995) (upheld the trial court's decision to permit notetaking where the trial court gave cautionary instructions); *United States v. Oppon,* 863 F.2d 141 (1st Cir.1988) (notetaking may be permitted if the trial court agrees); *United States v. Vaccaro,* 816 F.2d 443 (9th Cir.1987), *cert. denied* sub. nom. (1987); *United States v. Bassler,* 651 F.2d 600 (8th Cir.1981) *cert. denied* 454 U.S. 944, 102 S.Ct. 485, 70 L.Ed.2d 254 (1981) (the question of whether to permit juror to take notes lies within the discretion of the trial court); *Unit-*

*ed States v. Rhodes,* 631 F.2d 43 (5th Cir.1980) (the trial court did not err in permitting notetaking especially in light of a cautionary instruction); *United States v. Maclean,* 578 F.2d 64 (3rd. Cir.1978) (the trial court has the discretion to allow jurors to take notes); *United States v. Bertolotti,* 529 F.2d 149 (2nd Cir.1975) (notetaking by jurors is within the discretion of the trial court).

As for state courts, the following have permitted jurors to take notes—although they impose differing restrictions: *Price v. State,* 887 S.W.2d

taking and have determined that notetaking, particularly when guided by proper instructions from the bench, is helpful to jurors.

The principal arguments against notetaking are that (1) a good notetaker may dominate the jury, (2) a dishonest juror may falsify his or her notes and influence the outcome, and (3) the notetaking process may distract the jurors in the courtroom by allowing them to concentrate on notetaking rather than the evidence presented. *Price v. State,* 887 S.W.2d 949, 951 (Tex.Crim.App.1994); *Esaw v. Friedman,* 217 Conn. 553, 586 A.2d 1164, 1169 (1991); *State v. Kipf,* 234 Neb. 227, 450 N.W.2d 397, 414–415 (1990); *United States v. Maclean,* 578 F.2d 64, 66 (3rd Cir. 1978).

An analysis of these arguments reveals that each of the concerns may be unwarranted, or at the very least, alleviated by the giving of appropriate instructions. As for

the problem of a dominating juror, this may happen regardless of whether notetaking occurs. The fact that notes were taken by a particular juror does not necessarily lead to the conclusion that the same juror will dominate the deliberations. As for a dishonest juror, the simple ability to take notes will not encourage dishonesty. If the juror is dishonest he or she may falsify his or her memory of the evidence. However, if the juror is not dishonest, but has trouble remembering the evidence, notetaking will help clarify the juror's memory. As for the risk that the juror will fail to focus on the evidence presented, the trial court should instruct the jury that notes are only a secondary means of remembering. The primary concern during the trial and the deliberations must be on the evidence and the witnesses. While notetaking might be distracting in some instances, we find it more likely that the taking of notes will *help* keep a juror focused on the testimony. *See Esaw,* 586 A.2d at 1169.

949 (Tex.Crim.App.1994) (if the trial court believes that notetaking will be of value, it is within the court's discretion to permit it after giving a cautionary instruction); *State v. Hage,* 258 Mont. 498, 853 P.2d 1251 (1993) (notetaking is a matter of discretion and the trial court did not err in refusing to permit it); *State v. Williams,* 80 Ohio App.3d 648, 610 N.E.2d 545 (1992) (it is within the discretion of the trial court to allow notetaking and a strong admonishment to the jury is encouraged); *Esaw v. Friedman,* 217 Conn. 553, 586 A.2d 1164 (1991) (allowing the jury to take notes is within the discretion of the trial court especially when a cautionary instruction is given); *Caldararo v. Vanderbilt University,* 794 S.W.2d 738 (Tenn.Ct.App.1990) (a juror may take notes and use them during deliberations if permitted by the trial court); *State v. Kipf,* 234 Neb. 227, 450 N.W.2d 397 (1990) (although notetaking is discouraged, a trial court may permit it); *Underwood v. State,* 535 N.E.2d 507 (Ind.1989), *cert. denied,* 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 206 (1989) (notetaking within the discretion of the trial court and reversal only required if clear error); *People v. Ellinger,* 754 P.2d 396 (Colo.Ct.App.1988) (a trial court may permit notetaking and must given a limiting instruction if requested); *Wash v. State,* 521 So.2d 890 (Miss.1988) (if the subject is complicated or the parties agree, jurors may take notes); *People v. Young,* 146 Mich.App. 337, 379 N.W.2d 491 (1985) (notetaking is within the discretion of the trial court); *Maxie v. State,* 481 N.E.2d 1307 (Ind.1985) (trial court did not abuse its discretion by allowing notetaking and giving a cautionary instruction); *State v. Jones,* 661 S.W.2d 814 (Mo.Ct.App.1984) (the trial court did not abuse

its discretion by permitting notetaking since the notes were not used during deliberations); *Reece v. Simpson,* 437 So.2d 68 (Ala.1983) (although not recommended, a trial court may permit jurors to take notes); *State v. Marquez,* 135 Ariz. 316, 660 P.2d 1243 (1983) (court rules permit jurors to take notes); *Corti v. Lussier,* 140 Vt. 421, 438 A.2d 1114 (1981) (notetaking by the jury is not inherently prejudicial to the criminal defendant and only requires reversal if the objecting party shows prejudice); *Estate of Whittington v. Emdeko National Housewares,* 96 Ill. App.3d 1007, 52 Ill.Dec. 345, 422 N.E.2d 26 (1981) (statute permits jurors to take notes, although some restrictions are imposed); *Commonwealth v. St. Germain,* 381 Mass. 256, 408 N.E.2d 1358 (1980) (notetaking by jurors is within the discretion of the trial court); *State v. Post,* 286 N.W.2d 195 (Iowa 1979) (jurors may take notes and disclose notes to other jurors); *Post–Tensioned Constr., Inc. v. VSL Corp.,* 143 Ga.App. 148, 237 S.E.2d 618 (1977) (notetaking is within the discretion of the trial court); *Dillon v. State,* 27 Md.App. 579, 342 A.2d 677 (1975) (trial court has the discretion to permit notetaking); *Wigler v. City of Newark,* 125 N.J.Super. 179, 309 A.2d 897 (1973) (it is within the trial court's discretion to permit jurors to take notes); *Travis v. Commonwealth,* 457 S.W.2d 481 (Ky.Ct.App.1970) (allowing jury to take notes and use them during deliberations was not error); *Watkins v. State,* 216 Tenn. 545, 393 S.W.2d 141 (1965) (trial court's refusal to grant new trial based on juror taking notes was not error when there was no showing of prejudice).

■ We find our ruling in *Lehman* still sound. We see no reason to refuse a juror the freedom to take notes, if in the discretion of the trial court the court believes that it would aid the jurors, particularly in a complicated matter. Judges and lawyers universally use notes as an aid to memory, and we see no need to treat a juror differently, as long as the trial court determines that notetaking would be helpful and would not disrupt the "atmosphere of a fair impartial trial." *Lehman,* at 651.[2]

■ Our final observation on notetaking is that the notes are not to be included in the record on appeal. *State v. Kipf,* 234 Neb. 227, 450 N.W.2d 397, 415 (1990). The notes are to be treated as confidential between the juror and the other jurors. They must be destroyed in the presence of the Court immediately upon acceptance and filing of the verdict. Although failure to destroy the notes will not *per se* constitute reversible error, in the absence of some highly extraordinary circumstances there is no basis for appellate review of the juror's notes. Nor will they serve to impeach the jury's verdict. *Esaw,* 586 A.2d at 1170. To review a juror's notes would violate the sanctity of the deliberative process. *Id.* As the Ohio appellate court stated in *State v. Williams,* 80 Ohio App.3d 648, 610 N.E.2d 545, 548 (1992), the parties have "no more right to examine these writings than [they] do to interrogate the jurors about their verdict. The notations are personal to the jurors and will not be laid open for inspection and debate."

## II.

## GRANT OF NEW TRIAL

■ Recently, in *Propst v. Alexander,* 898 P.2d 141, 144–145 (Okla.1995), we reviewed the standard used when considering a trial court's grant of a new trial. The bottom line is that the trial court is given wide discretion in granting a new trial. *Propst,* at 144; *Austin v. Cockings,* 871 P.2d 33, 34 (Okla.1994). Reversal of a trial court's grant of new trial can only be had when "the trial court has manifestly erred with respect to some pure, simple, and unmixed material question of law, and that except for such error the ruling of the trial court would not have been made." *Propst,* at 145, *quoting Pfrimmer v. Johnson,* 195 Okla. 33, 154 P.2d 765 (1944). Furthermore, when the new trial is granted by the same judge who tried the case, "a much stronger showing of error or abuse of discretion is required for this Court to reverse than if a party appeals from a refusal to grant a new trial." *Propst,* at 145.

---

**2.** We note that many jurisdictions require the giving of cautionary instruction if notetaking is to occur. While we do not require that it be given an instruction similar to the following would be helpful if given at the time the jury is impaneled:

Ladies and Gentlemen of the Jury:
You may take notes during the presentation of evidence in this case. In that regard remember this:
1. Notetaking is permitted but is not required.
2. Take notes sparingly. Do not try to write down all the testimony. They will only be used for the purpose of refreshing your memory. They are helpful when dealing with measurements, times, distances, identities and relationships.
3. Be brief in your notetaking. You must pass on the credibility of the witnesses, and to do so you must observe them. Do not let notetaking distract you from this duty.
4. Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss the contents of your notes only after all

sides have rested and you have commenced your deliberations.
Then an instruction something like the following one could be given with the other instructions at the close of the case:
You have been permitted to take notes during the testimony of this case. If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors. In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.
*See Price,* 887 S.W.2d at 954–955; *Esaw,* 586 A.2d at 1166; *United States v. Wilson,* 578 F.2d 67 (5th Cir.1978); *Caldararo v. Vanderbilt University,* 794 S.W.2d 738, 742 (Tenn.Ct.App.1990); *Reece v. Simpson,* 437 So.2d 68, 69 (Ala.1983). Our suggested instructions are in large part assembled from those cases.

■ We thus view the trial court's discretion in the grant of a new trial as broad. Because the trial court is in a better position to sense the fairness of the trial the appellant's burden is great. *See Propst,* at 145.

■ Having set the general guidelines for the taking of notes by jurors, we now turn to this case. Here, the new trial motion was granted by the same judge that tried the case. She granted a new trial based on her failure to keep her pronounced promise to take away the juror's notes before deliberations. We acknowledge that the law on this point may have appeared unsettled, particularly in light of the Court of Criminal Appeals' decisions. We affirm the trial court's grant of a new trial, but on a different basis. Most of the jurisdictions allowing note use during deliberations provide for specific instructions to be given on that subject, and we agree that is the better practice. In light of all the circumstances—the unsettled appearance of the law, the judge having forgotten to keep her promise to take up the notes, and the absence of cautionary instructions,—we believe the trial court acted within her discretion.[3] In applying the difficult standard which must be met on appeal to show that the trial court erred in granting a new trial, we find that the appealing defendant has not met it. *Propst,* 898 P.2d at 144–145.

The order of the trial court is affirmed. The matter is remanded for a new trial as ordered below, to be conducted in a manner consistent with this opinion.

KAUGER, V.C.J., and LAVENDER, HARGRAVE, OPALA and SUMMERS, JJ., concur.

WILSON, C.J., concurs specially.

HODGES and SIMMS, JJ., concur in part, dissent in part.

WATT, J., concurs in part I, dissents from part II.

ALMA WILSON, Chief Justice, concurring specially:

I concur in today's opinion and write separately to emphasize the error in the jury notes that were available to the jurors during the deliberation process. In the course of the jury trial in this case, one juror observed the plaintiff in the hall at the courthouse and made a written note which included: "no limp sometimes." This written note was taken into the jury room during jury deliberation. The question then became one of allowing the introduction into the "jury room during deliberation of an outside memo or matter that has not come through the critical eye of the trial judge, ... a matter ... not introduced into evidence." *State ex rel. Dept. of Highways v. Lehman,* 462 P.2d 649, 651 (Okla.1969). Hence, the trial court's order granting a new trial must be affirmed.

HODGES, Justice, with whom SIMMS, Justice joins, concurring in part, dissenting in part:

I agree with the Court that allowing jurors to take notes should be within the discretion of the trial judge. I disagree with the jury instructions adopted by the Court. While recognizing the benefits of jurors taking notes, the instructions suggested by the Court discourage such conduct. Likewise, I would hold that it was improper for the trial court to grant a new trial.

The Texas Court of Criminal Appeals is the only court which requires an instruction such as the one advanced by this Court, and that instruction only applies to criminal cases.[1] In fact, this Court's preliminary instruction is nearly identical to the one required by the Texas court.

Other jurisdictions, while providing safeguards, encourage the use of more neutral

---

**3.** A trial court's decision may be affirmed on appeal if the decision is legally supportable, but for a reason different than the one given by the judge. *Gentry v. American Motorist Ins. Co.,* 867 P.2d 468 (Okla.1994); *Matter of Estate of Bartlett,* 680 P.2d 369 (Okla.1984).

**1.** *See Price v. State,* 887 S.W.2d 949 (Tex.Cr.App. 1994).

instructions.[2] The A.B.A Standards Relating to Juror Use and Management encourages courts "to permit jurors to take notes and use them during deliberations."[3] The right of jurors to take notes and use them in deliberations, "rests upon the conclusion that the advantages of note taking outweigh any disadvantages."[4]

There are times a judge may wish to encourage jurors to take notes, such as lengthy or complex trials.[5] Notes taken in complex trials are likely to be more accurate than memories alone.[6] Thus, note-taking by jurors would actually improve the decision-making process.[7] "[T]he advantages of allowing jurors to take notes outweighs any disadvantages."[8]

The appropriateness of allowing juror note-taking was well stated at the Second National Conference on the Judiciary:

[t]here sits the learned judge, scribbling away—along with the prosecutor, the defense lawyer, the press and even the defendant—while the least trained in the chamber must trust to memory. The strains of a three-week or even a three-day trial burden the storage and retrieval faculties of most jurors beyond tolerable limits.[9]

Students in the classroom are encouraged to take notes. Business people in meetings find that it is necessary to take notes for future reference. Few people in this age of information explosion can entirely escape note-taking.

The Court proclaims it is within the discretion of the trial judge to allow jurors to take notes. However, the instructions required by the Court so discourage jurors that few will exercise their choice in favor of note-taking even when the trial judge believes note-taking should be encouraged.

The Court finds that the trial judge did not abuse her discretion in granting a new trial because of "the unsettled appearance of the law, the judge having forgotten to keep her promise to take up the notes, and the absence of cautionary instructions." Since 1969 when this Court upheld the practice of juror note-taking, the law in civil trials in Oklahoma has been clear on the issue of note-taking.[10]

In *State ex rel. Dept. of Highways v. Lehman*,[11] this Court held that the trial judge abused his discretion when he granted a new trial on the basis that a juror had taken notes and used them in deliberations. In *Lehman*, the defendant did not voice an objection for fear of resentment, and no cautionary instruction was given.

There is little logic in allowing jurors to take notes but taking them up before deliberations. The main benefit of jurors taking notes is to provide a means of refreshing their memories. To take up the notes before deliberations begin is inconsistent with the main purpose of allowing jurors to take notes.

For these reasons, I agree that jurors should be allowed to take notes but disagree

2. *Esaw v. Friedman*, 217 Conn. 553, 586 A.2d 1164, 1169 (1991); *Watkins v. State*, 216 Tenn. 545, 393 S.W.2d 141, 147 (1965).

3. ABA Standards Relating to Juror Use and Management 150 (1993) [hereinafter Standards Relating to Juror Use].

4. A.B.A. Standards Relating to Trial by Jury 97, 98 (1968).

5. Leonard Pertnoy, *The Juror's Need to Know vs. the Constitutional Right to a Fair Trial*, 97 Dick. L.Rev. 627, 628 (1993).

6. *Dillon v. State*, 27 Md.App. 579, 342 A.2d 677, 679 (1975).

7. Pertnoy, *supra* note 6, at 628, 648, 650–51.

8. Standards Relating to Juror Use, *supra* note 3, at 151.

9. Fred W. Friendly, *On Judging the Judges*, in State Courts: A Blueprint for the Future 70, 73 (T. Fetter ed., 1978).

10. *State ex rel. Dept. of Highways v. Lehman*, 462 P.2d 649 (Okla.1969).

11. *Id.*

with the instructions and with the conclusion that the trial court did not abuse her discretion in granting a new trial. The failure to take up the notes before deliberations or to give cautionary instructions does not warrant a new trial.