## LYONS v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
April 23, 1928.

No. 2701.

Criminal law ⟨key⟩1137(5)—Defendant cannot complain of introduction by his own counsel of evidence alleged to have been obtained by illegal search.

Defendant cannot complain of introduction of evidence alleged to have been secured by means of an illegal search, where such evidence was brought out and introduced by counsel for defendant.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Lee Lyons was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

J. Raymond Gordon, of Charleston, W. Va. (Coleman Hatfield, of Logan, W. Va., on the brief), for plaintiff in error.

James Damron, U. S. Atty., of Huntington, W. Va. (Lawrence L. McClure, Asst. U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. This is a writ of error from the judgment of the District Court of the United States for the Southern District of West Virginia, at Charleston, sentencing Lee Lyons, plaintiff in error and defendant below, to 12 months' imprisonment in jail and to pay a fine of $1,000 upon the verdict of a jury, finding the said Lyons guilty of violating the National Prohibition Act (27 USCA). The indictment charged the defendant with having in his possession intoxicating liquor, selling intoxicating liquor, and maintaining a common nuisance.

Three points are relied upon by the plaintiff in error: First, that there was not sufficient evidence to support the verdict of the jury; second, that evidence, secured by means of an illegal search, was permitted by the court to go to the jury; and, third, that the court erred in refusing an instruction defining what constituted a nuisance.

On the first point, the record clearly shows that there was ample evidence to sustain the verdict of the jury.

On the second point, the record discloses the fact that the United States did not offer any evidence secured under the search warrant in the case. On the contrary, the government carefully refrained from using any such evidence or in any way referring to the search objected to by the plaintiff in error as illegal. All the evidence in the record on this point was brought out and introduced by the counsel for defendant, and under these circumstances no error is properly chargeable in the trial because of defendant's own action.

As to the third point, the instruction offered by the defendant and refused by the

court, taken together with the oral charge of the trial judge to the jury, does not show any such error as would justify the setting aside of the verdict of the jury. The defendant was clearly guilty, the evidence was sufficient upon which to base the verdict of the jury, and substantial justice was done.

The judgment of the court below is accordingly affirmed.