Gerald W. GATES, Plaintiff-Appellee,

v.

L. G. DeWITT, INC., and Insurance Company of North America, et al., Defendants-Appellants.

Thelma Elizabeth WEBER, Plaintiff-Appellee,

v.

L. G. DeWITT, INC., Insurance Company of North America, and Johnson Restaurant Supply Corporation, et al., Defendants-Appellants,

Gerald W. Gates, Defendant-Appellant.

Carl C. WEBER, Plaintiff-Appellee,

v.

L. G. DeWITT, INC., Insurance Company of North America, and Johnson Restaurant Supply Corporation, et al., Defendants-Appellants,

Gerald W. Gates, Defendant-Appellant.

No. 74-3291.

United States Court of Appeals, Fifth Circuit.

June 7, 1976.

Griffin B. Bell, Jr., Fred S. Clark, Savannah, Ga., J. Reese Franklin, Nashville, Ga., for DeWitt, INA and Mills.

Charles M. Jones, Hinesville, Ga., for Carl C. Weber and T. E. Weber.

John W. Sognier, Savannah, Ga., for G. W. Gates.

Walter C. Hartridge, Savannah, Ga., for Johnson Restaurant Supply and G. W. Gates.

ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

The opinion of the court noted, 528 F.2d 405, p. 407, that the Webers claimed damages aggregating $630,900. One of the petitions for rehearing correctly points out that prior to trial the Webers amended to assert aggregate damages of $1,255,569.82. The opinion is accordingly corrected.[1]

The petition for rehearing filed by Gates as defendant asserts that the court erred in "undertaking to decide the contribution issue against Gates." As we stated, p. 408, the trial judge held that the question of contribution was not before him and would arise only after payment of the Weber judgments. We did not disturb that holding.[2]

We vacated the judgment in favor of the Webers and of Gates as plaintiff against DeWitt, INA and Mills, with directions that the District Court consider again the motions for new trial of the DeWitt defendants and the post-trial motions of Gates, and to enter a fresh judgment in each of the cases. Gates as defendant urges that we erred in failing to vacate the judgment against him and in favor of the Webers,[3]

1. The opinion is also corrected in these respects: at the top of p. 413 reference is made to testimony that the DeWitt truck intended to strike the Weber car. It should read "intended to strike the Gates car"; at p. 408 the caption "A. Admission of the insurance policy into evidence" is deleted.

2. What we did do was decide, p. 413, that there was no merit to Gates' theory that as between him on the one hand and DeWitt and Mills on the other, the court was required to enter judg-

ment against DeWitt and Mills for 97% of the damages and against Gates for only 3% of the damages. This did not reach the matter of contribution.

3. Citing *Gilson v. Mitchell,* 131 Ga.App. 321, 205 S.E.2d 421, 428 (Ga.App., 1974), aff'd 233 Ga. 453, 211 S.E.2d 744 (1974); *Durrett v. Farrar,* 130 Ga.App. 298, 203 S.E.2d 265, 270 (Ga. App.,1973); *Ammons v. Horton,* 128 Ga.App.

presumably on the theory that any judgment (or judgments) entered is indivisible, and should the District Court grant a new trial to DeWitt, INA and Mills it must, as a matter of law, also grant a new trial to Weber as defendant. This contention should be addressed to the District Court. In order that there be no misunderstanding concerning the power of that court to act, the judgment against Gates as defendant and in favor of the Webers is VACATED, so that if the court grants any of the motions for new trial of other defendants, it can then consider the theory raised by Gates as defendant and enter a fresh judgment accordingly.

In all other respects the petitions for rehearing of the Webers, of Gates as plaintiff, and of Gates as defendant, are DENIED.[4] No member of this panel nor Judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petitions for rehearing en banc filed by the same parties are DENIED.

SIMPSON, Circuit Judge (dissenting):

I would grant the petition for rehearing for the reasons stated in my dissent from the panel opinion, *Gates v. L. G. DeWitt, Inc., et al.,* 5 Cir. 1976, 528 F.2d 405, at 414.

273, 196 S.E.2d 318 (1973). *See also Williams v. Slade,* 431 F.2d 605 (CA 5, 1970); 6A Moore's Federal Practice ¶ 59.06 (2d ed. 1948).

4. DeWitt and INA did not file petitions for rehearing although in responding, pursuant to

the direction of the court, to the petition of Gates as defendant, they support that petition.

