**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Fred RHODES, Jr., a/k/a Allan Duncor, Defendant–Appellant.**

No. 79–5492.

United States Court of Appeals,
Fifth Circuit.
Unit B

Nov. 17, 1980.

**44**

Walter E. Gwinn, Miami, Fla., for defendant–appellant.

Melissa S. Mundell, William H. McAbee, II, Asst. U.S. Attys., Savannah, Ga., for plaintiff–appellee.

Before GEWIN, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

James Fred Rhodes, Jr., was convicted of conspiracy to import marijuana into the United States in violation of 21 U.S.C.A. §§ 952(a), 963 and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C.A. §§ 841(a)(1), 846. He appeals, urging as error that, first, the trial court erred by failing to rule on his motion for judgment of acquittal at the close of the Government's case; second, the evidence is insufficient to support the conviction; and, last, the trial court erroneously permitted jurors to take notes during the trial and use the notes during deliberations. We find no reversible error and accordingly affirm.

Defendant Rhodes moved for judgment of acquittal at the close of the Government's case. The trial court deferred ruling on the motion, and Rhodes then presented evidence in his behalf. Rhodes now argues that the court erred in deferring its ruling. We agree that the trial court erred, but we find the error harmless.

■ It is settled law in this Circuit that, when a motion for judgment of acquittal is made at the close of the Government's case, the trial court is not permitted to reserve its ruling. *Montoya v. United States*, 402 F.2d 847, 849 (5th Cir. 1968). Rather, the trial court must issue its ruling before the defense presents its case. If upon denial of the motion the defendant presents evidence, the defendant foregoes or waives appellate review of the denial of the motion. *E.g., United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980); *United States v. Evans*, 572 F.2d 455, 479 (5th Cir.) *cert. denied*, 439 U.S. 870 (1978); *United States v. Perez*, 526 F.2d 859, 863 (5th Cir. 1976). This so–called "waiver rule" is founded on the principle that, if a defendant "presents the testimony of himself or of others and asks the jury to evaluate his credibility (and that of his witnesses) against the government's case, he cannot insulate himself from the risk that the evidence will be favorable to the government." *United States v. Belt*, 574 F.2d 1234, 1236–37 (5th Cir. 1978).

■ Nevertheless, if the trial court erroneously defers ruling on the motion for acquittal and the defendant presents evidence, the appellate court in reviewing the sufficiency of the evidence will only consider the evidence presented in the Government's case–in–chief. *United States v. Cook*, 586 F.2d 572 (5th Cir. 1978); *Cooper v. United States*, 321 F.2d 274 (5th Cir. 1963). Even though this limited review has the effect of undermining the waiver rule by excluding from appellate review all evidence presented by the defendant, applica-

tion of any other rule would penalize a defendant for a trial court's refusal to issue a ruling at the time clearly required by our previous cases.

■ Defendant Rhodes was entitled to a ruling on his motion before he presented his case. Although the trial court erred, the error is harmless if the evidence presented in the Government's case–in–chief is sufficient to support the verdict. Thus, in reviewing the sufficiency of the evidence we confine our review to the evidence presented in the Government's case–in–chief. Examining the evidence thus limited, we nevertheless find that the evidence is sufficient[1] to support the jury's determination that the alleged conspiracies existed and that Rhodes knew of and knowingly and voluntarily joined the conspiracies.[2] *See United States v. Alvarez*, 625 F.2d 1196 (5th Cir., 1980) (en banc).

Defendant Rhodes also argues that the trial court should not have allowed the jurors to take notes during the trial and to use those notes during deliberations without giving an instruction concerning the proper use of the notes. During the trial, defense counsel noticed that a juror was taking notes and, at a bench conference, objected. At that time the trial court promised to instruct the members of the jury that they take care not to be distracted and not to miss any of the evidence. Immediately before the next recess, the trial judge cautioned the jury as follows:

> I noticed that some of you are taking notes. I am not going to prohibit you from taking notes; however, I want to caution you that when you are taking notes, not to allow yourself to become so engrossed in note taking that you might

overlook the testimony of some witness on the stand at that time.

No other reference to note taking was made until after the jury retired. At that time the defendant requested that the court collect the notes from the jurors and not permit the jurors to take the notes into the deliberations. The court refused.

■ Allowing jurors to take notes and use them during deliberations is a matter within the discretion of the trial court; absent abuse of discretion, the action of the trial court will not be disturbed. *United States v. Pollack*, 433 F.2d 967 (5th Cir. 1970); *see, e.g., United States v. Johnson*, 584 F.2d 148 (6th Cir. 1978); *United States v. Maclean*, 578 F.2d 64 (3d Cir. 1978); *United States v. Anthony*, 565 F.2d 533 (8th Cir. 1977); *United States v. Riebold*, 557 F.2d 697 (10th Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133 (1977); *United States v. Bertolotti*, 529 F.2d 149 (2d Cir. 1975); *United States v. Braverman*, 522 F.2d 218 (7th Cir.), *cert. denied*, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 302 (1975); *Toles v. United States*, 308 F.2d 590 (9th Cir. 1962), *cert. denied*, 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963); *Goodloe v. United States*, 188 F.2d 621 (D.C.Cir.1950), *cert. denied*, 342 U.S. 819, 72 S.Ct. 35, 96 L.Ed. 619 (1951); *Chicago & N.W. Ry. v. Kelly*, 84 F.2d 569 (8th Cir. 1936). Trial courts often allow jurors to take notes in simple as well as complex cases, and it is within their discretion to do so. *See Gates v. L. G. DeWitt, Inc.*, 528 F.2d 405, 413, *corrected on other grounds*, 532 F.2d 1052 (5th Cir. 1976). While it is the better practice for a trial court to explain to the jury the proper use of notes during deliberation,

---

1. Defendant Rhodes raised the issue of whether the evidence as a whole was sufficient to support the verdict. Since we find the evidence presented by the Government in its case–in–chief to be sufficient, we find it unnecessary to discuss the evidence as a whole.

2. Counsel for defendant conceded in oral argument that the Government proved the existence of the conspiracies; however, he challenged the sufficiency of the evidence concerning defendant's knowing participation in the conspiracies. But the Government presented evidence that

defendant, using a fictitious name, bought the ship used to smuggle the marijuana, that defendant supplied an incorrect social security number and incorrect or nonexistent addresses to be used in registering the ship, and that defendant owned a car that was confiscated during the drug raid. This evidence, including reasonable inferences to be drawn therefrom, supports the jury's conclusion that defendant knowingly and voluntarily joined the conspiracies.

defendant did not request such an instruction. Thus, the failure to give the instruction can only be reversible error if it amounts to plain error. *E.g., United States v. Baker*, 609 F.2d 134 (5th Cir. 1980). The trial in this case lasted only one day and involved one defendant. It cannot be said that the trial was so long or the issues so complex that the jurors must have given the notes undue importance in their deliberations.

Although we find no error in this case in the failure to give an instruction concerning the use of notes during deliberations, we emphasize that it is the better practice to give such an instruction.[3] Jurors should be instructed that they should carefully listen to the evidence and not allow their note taking to distract them. The court should also explain that the notes taken by each juror are to be used only as a convenience in refreshing that juror's memory and that each juror should rely on his or her independent recollection of the evidence rather than be influenced by another juror's notes. *See generally United States v. Maclean, supra,* 578 F.2d 64.

For the reasons stated above, the judgment of conviction is AFFIRMED.

---

**3.** An instruction such as the following would be appropriate:

The court will permit jurors to take notes during the course of the trial. You of course are not obliged to take any notes, and some feel that the taking of notes is not helpful because it may distract you so that you do not hear and evaluate all of the evidence. If you do take notes, do not allow note taking to distract you from the ongoing proceedings.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.