8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie Dean FLUKER, Defendant-Appellant.
 No. 92-5648.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 29, 1993.
Decided: October 21, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon.
 Louis Dene, Dene & Dene, Abingdon, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 A jury convicted Eddie Dean Fluker on three counts involving drug and weapon violations. Fluker appeals, contending that the testimony of a rebuttal witness should have been excluded as violative of his Sixth Amendment rights. We find that the district court did not err by admitting this testimony; consequently, we affirm Fluker's convictions.
 
 
 2
 In February 1992, Officer Caldwell of the Abingdon, Virginia Police Department arrested Fluker, a convicted felon, for driving under the influence of alcohol. After his arrest, Fluker returned to his car on the pretense of turning off the engine. According to Caldwell, Fluker reached towards the passenger seat and then turned back and pointed a gun at the officer who then fired one round at Fluker. When help arrived, officers secured Fluker and then searched his car, discovering a loaded gun and baggies containing crack cocaine.
 
 
 3
 A grand jury indicted Fluker on three counts: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) & (b)(1)(B)(iii) (West 1985 & Supp. 1992); carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 1985 & Supp. 1992); and possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1) & 924(e) (West 1985 & Supp. 1992). At his jury trial, Fluker testified that he never pointed a gun at Officer Caldwell, that the drugs found in his car were not his, and that when police officers informed him in jail that he was being charged with a drug violation, he "told them look, man, I don't even want to talk to you people no more until I get an attorney, pointblank." After Fluker testified, the government presented three rebuttal witnesses, including Officer Freeman.
 
 
 4
 Freeman testified on rebuttal, in response to questions by the Assistant United States Attorney, that when he transported Fluker from jail to federal court after he was indicted,[1] Fluker began to talk to him about wanting to make a deal. According to Freeman, Fluker said that he did not shoot at Officer Caldwell but could have shot him at any time, that he knew the officer was wearing a bullet proof vest, and that he wanted to talk to a Drug Enforcement Agency ("DEA") agent. Fluker's counsel raised no objections during this testimony regarding Fluker's statements to Freeman.[2] On cross-examination, Freeman said that he had not read the Miranda[3] warnings to Fluker because he had not questioned him until after he made these statements. After Fluker made these statements, Freeman admitted on cross-examination that he asked Fluker questions so that he could critique the officers' performance on the night of the arrest. Freeman did not testify about Fluker's responses to these questions.
 
 
 5
 After the government's rebuttal witnesses testified, Fluker took the stand again and denied making the statements to Officer Freeman or asking to speak with a DEA agent. The jury convicted Fluker on all three counts.
 
 
 6
 Fluker's sole claim on appeal is that the district court erred by admitting the testimony of government rebuttal witness Officer Freeman, because the officer violated Fluker's Sixth Amendment rights by inducing him to make incriminating statements outside the presence of counsel. Fluker's brief does not clearly identify the statements about which he is objecting. At one point he identifies them as statements "which Freeman induced the defendant to make ... by promising that the statements would not be used against him." This suggests that he is not objecting to the statements Freeman made on rebuttal under questioning by the prosecutor, because Freeman stated it was not until after these statements were made that he questioned Fluker and told him that those answers could not be used against him. However, later in his brief Fluker refers to the statements Freeman made on "direct examination," suggesting that the statements made on rebuttal under questioning from the prosecutor are at issue. Nevertheless, neither claim has merit.
 
 
 7
 With respect to the statements Freeman recited on direct examination, Fluker failed to object to this allegedly improper testimony. Therefore, review on appeal is limited to whether the admission of this testimony constituted plain error. See United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993). See also Fed. R. Crim. P. 52(b).
 
 
 8
 There was no plain error in the introduction of this testimony. Assuming that the statements were made by Fluker after his Sixth Amendment right to counsel had attached, see Michigan v. Jackson, 475 U.S. 625 (1986), no Sixth Amendment violation occurred because Fluker initiated the conversation. See United States v. Cummings, 937 F.2d 941, 946-47 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S. 1991). Therefore, as to the statements Freeman testified to on direct examination in rebuttal, their introduction did not constitute plain error.
 
 
 9
 Turning now to Freeman's testimony in response to defense counsel's questions on rebuttal, this was the only time a witness alluded to Fluker's statements made in response to police questioning. Fluker contends that he was harmed by this testimony even though the statements themselves were not introduced or identified, because the jury would have surmised they were inculpatory if the agreement was that they would not be used against him. Nevertheless, because this testimony was elicited by Fluker's counsel, who even attempted to delve further into the details of the conversation than the judge allowed, we find no reversible error on that basis. United States v. Oppon, 863 F.2d 141, 145 n.9 (1st Cir. 1988); Lyons v. United States, 25 F.2d 867, 867 (4th Cir. 1928). To the extent that Fluker objects to the admission of the substance of his conversation with Freeman, his claim is meritless because neither Freeman nor any other witness testified about Fluker's responses to Freeman's inquiry.
 
 
 10
 In summary, admission of a portion of Freeman's testimony was not plain error, the other portion was elicited by Fluker's own counsel, and the substance of the later statements to Freeman were not admitted into evidence. We affirm Fluker's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Freeman worked part-time as a Deputy United States Marshal
 
 
 [2]
 The sole objection Fluker's counsel raised concerned the government's inquiry as to whether Freeman planted the gun in Fluker's car
 
 
 [3]
 Miranda v. Arizona, 384 U.S. 436 (1966)