**UNITED STATES of America,
Plaintiff,**

v.

**Jose MARTÍNEZ–CINTRÓN,
Defendant.**

**No. Crim. 00–0335(DRD).**

United States District Court,
D. Puerto Rico.

March 20, 2001.

---

Michelle Morales, Asst. U.S. Attorney, U.S. Attorney's Office District of P.R., San Juan, PR, for Plaintiff.

Héctor E. Guzmán–Silva, Federal Public Defender's Office, San Juan, PR, for Defendant.

### ORDER

ARENAS, United States Magistrate Judge.

On February 1, 2001, the United States of America filed a motion asking this court to allow the introduction of 404(b) evidence at trial. (Docket No. 25.) The indictment charges that on March 8, 2000, the defendant, José Martínez–Cintrón, robbed from a United States Postal Inspector personal property belonging to the United States. The events occurred at the dental office of Dr. Eric M. Sepúlveda where the defendant posed as a patient and after gaining access proceeded to rob and assault the patients and the dentist. On March 9, 2000, the defendant went to the office of another dentist, Dr. Aldo Miranda Collazo, and again posed as a patient to rob and assault the dentist and his patients. The evidence the United States seeks to be introduced consists of the testimony of Dr.

Aldo Miranda Collazo, who would identify the defendant and relate what, happened on March 9, 2000.

■ The United States' position is that the robbery of Dr. Aldo Miranda Collazo is evidence of *modus operandi* which makes the March 9 act admissible under Rule 404(b). The defense's arguments are that the robberies of two dental offices are not so unique to make it *modus operandi* of the defendant, and that the court should not admit this evidence under Rule 404(b) because it would be unfairly prejudicial to the defendant, cause confusion of the issues, mislead the jury, and would be a waste of time under Rule 403.

Rule 403 of the Federal Rules of Evidence provides that:

[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Rule 404(b) of the Federal Rules of Evidence provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It, may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

■ Rule 404(b) indicates numerous uses of other crimes, wrongs or acts, but those enumerated are not exclusive. *See United States v. Fosher*, 568 F.2d 207, 212 (1st Cir.1978). The first step for the court to determine is if the evidence has some "special" probative value. The fact that the evidence does have "special" probative value does not assure its admissibility.

Secondly, the court then balances its probative value against possible unfair prejudice. The balancing decision is left to the discretion of the court. *United States v. Morris*, 700 F.2d 427, 431 (1st Cir.), *cert. denied*, 461 U.S. 947, 103 S.Ct. 2128, 77 L.Ed.2d 1306 (1983). This test succinctly combines the fundamental requirements of Rule 404(b) with the balancing test of Rule 403. *United States v. Oppon*, 863 F.2d 141, 146 (1st Cir.1988).

In exercising the discretion granted by this test, the Court should pay particular attention to the **similarity** of the other acts with the charged offense, as well as the **temporal proximity** between them. Although a high degree of similarity and temporal proximity strongly favors admissibility, they could also lead to impermissible character inferences. Accordingly, the court should exclude prior acts evidence, pursuant to Rule 403, when it determines that the possible character inferences that can be drawn from this evidence outweigh its probative value as to noncharacter issues so as to make its admission unfairly prejudicial to the defendant. On the other hand, when the evidence is admitted, the possibility of prejudice should be minimized by specifically instructing the jury on the limited aim of 404(b) proof.

*Id.* at 147 (emphasis added).

[5–7]. Evidence of another bad act is inadmissible if it is offered to prove criminal character or propensity to commit crimes of the defendant. *See United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir.1996); *United States v. Johnston*, 784 F.2d 416, 423 (1st Cir.1986). The evidence sought to be admitted is not offered to prove character or propensity to commit crimes on the part of the defendant. The threshold inquiry a court must make before admitting evidence under Rule 404(b) is whether that evidence is probative of a

material fact other than character. *Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). The special probative value of Dr. Miranda's testimony is to show the *modus operandi* used by the defendant in the robberies, and its probative value outweighs the danger of unfair prejudice to the defendant. *See United States v. Medina*, 761 F.2d 12, 15 (1st Cir.1985). Also, the similarity and temporal proximity between both robberies strongly favors its admissibility. *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir.2000); *United States v. Frankhauser*, 80 F.3d at 649. Furthermore, prior bad act evidence may be admitted if it goes to the defendant's identity. *See United States v. Trenkler*, 61 F.3d 45, 52 (1st Cir.1995).

The motion to allow the introduction of 404(b) evidence is therefore granted.