United States  v. Tammy Fowler        CR-09-47-01-JL    05/29/09   P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                    Criminal No. 09-cr-47-01-JL
                                         Opinion No. 2009 DNH 071
Tammy Fowler


O R D E R


    Charged with aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a), the defendant moved in limine to (1) preclude the United States from cross-examining her at trial with respect to certain prior convictions; (2) exclude evidence of an outstanding warrant for her arrest in the state of Florida; and (3) exclude statements made by Paul Dimeo.[1]

    The defendant's first motion in limine is granted in part, and denied in part.  The defendant's second and third motions in limine are granted in their entirety without prejudice to the possible admissibility of the evidence at trial for purposes not identified in the motions.


I.    **Analysis**

A.    **Impeachment evidence**

    The defendant contends that the United States should not be allowed to impeach her credibility with evidence that, in 2004,

---

[1](Document nos. 10, 17, and 18, respectively).

she was convicted in a Florida state court[2] of using a fraudulently obtained or false receipt to obtain something of value, in violation of Florida Statute § 812.017(2).  She argues that such impeachment--which she dubiously characterizes as "shoplifting," see infra--is impermissible under Rule 609(a)(2) because commission of that offense did not necessarily require proof or admission of an act that would be indicative of her propensity for truthfulness.

Rule 609(a) provides two avenues for admitting a defendant's prior convictions for impeachment purposes:

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

---

[2]Florida v. Fowler, No. 05-2004-MM-047210 (Fla. Brevard County Ct. Sept. 14, 2004)

2

Fed. R. Evid. 609(a).[3]  Rule 609(a)(1) grants the trial judge discretion, tempered by Rule 403, to determine whether to admit evidence of a prior felony conviction for impeachment purposes. By contrast, Rule 609(a)(2) requires admission where the conviction involved an element of dishonesty or false statement. See SEC v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000) ("district courts do not have discretion to exclude prior convictions involving dishonesty or false statements").[4]

Under Rule 609(a)(2), the specific provision at issue here, convictions involving dishonesty or false statement encompass "crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully."  Fed. R. Evid. 609 advisory committee notes (2006 amendments).  Thus, "[t]o be admissible under Rule 609(a)(2), a prior conviction must involve some element of deceit, untruthfulness, or falsification . . . ."  United States v.

_____

[3]Both sections of Rule 609(a) are subject to limitations not relevant here.  See Fed. R. Evid. 609(b)-(d).

[4]Convictions qualifying under Rule 609(a)(2) are not subject to Rule 403 balancing.  See United States v. Tracy, 36 F.3d 187, 192 (1st Cir. 1994).

Meserve, 271 F.3d 314, 328 (1st Cir. 2001) (internal quotation marks and citation omitted).

The offense of which the defendant was convicted, Florida Statute § 812.017(2),[5] provides:

> Any person who obtains merchandise, money, or any other thing of value through the use of a fraudulently obtained receipt or false receipt commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

Fla. Stat. § 812.017(2). A conviction for this offense, the statue defining which includes the words "fraudulently" and "false," plainly involves dishonesty or false statement.[6] See Tracy, 36 F.3d at 192 (holding that uttering a false prescription

---

[5]Located in a chapter of the Florida Criminal Code entitled the "Florida Anti-Fencing Act." See Fla. Stat. § 812.005.

[6]There can be no reasonable argument that § 812.017(2) does not necessarily involve an element of deceit, untruthfulness, or falsification. While the statute is silent as to what culpable mental state is a necessary element of this offense, it also contains no indication that the Florida legislature intended to dispense with mens rea. As the Florida Supreme Court will "ordinarily presume that the Legislature intends statutes defining a criminal violation to contain a knowledge requirement absent an express indication of a contrary intent," State v. Giorgetti, 868 So.2d 512, 516 (Fla. 2004), this court will do the same. As that court reasoned in a case overturning a conviction where the trial court refused to instruct the jury that the prosecution had to prove the defendant knew the substance he possessed was cocaine, "[i]nterpreting the statute[] as dispensing with scienter would criminalize a broad range of apparently innocent conduct." Chicone v. State, 684 So.2d 736, 743 (Fla. 1996) (internal quotation marks and citation omitted) (noting that "a strict reading of the statue with no scienter requirement would render criminal a mail carrier's unknowing delivery of a package which contained cocaine").

4

is subject to mandatory admission under Rule 609(a)(2)); see also Black's Law Dictionary 594 (8th ed. 2004) (defining fraud as "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment"). The defendant's 2004 conviction establishes that she knowingly tendered a <u>fraudulently obtained</u> or <u>false</u> receipt in exchange for something of value. Contrary to the defendant's characterization, it amounted to something more deceitful, untrue, and false than a straight theft offense.[7] See Meserve, 271 F.3d at 328. The Florida conviction is, by operation of Rule 609, necessarily indicative of a propensity for untruthfulness and, thus, under the unambiguous, mandatory language of Rule 609(a)(2), admissible for impeachment. As the United States has conceded the inadmissibility of the remaining convictions at

---

[7]The court expresses no opinion as to whether "shoplifting," the term the defendant inaccurately used to describe her prior offense, is a qualifying conviction under Rule 609(a)(2). Compare United States v. Galati, 230 F.3d 254, 261 (7th Cir. 2000) (holding that petty shoplifting does not qualify as crime of dishonesty "unless it involves items of significant value") and United States v. Grandmont, 680 F.2d 867, 871 (1st Cir. 1982) (holding that, under a Rule 609(a)(2) analysis, robbery per se does not involve dishonesty though it may qualify if shown to have been committed by "fraudulent or deceitful means") with United States v. Del Toro Soto, 676 F.2d 13, 18 (1st Cir. 1982) (noting that the defendant's "grand larceny conviction could certainly have been introduced under Federal Rule of Evidence 609(a)(2)" for impeachment purposes).

issue,[8] the remainder of the defendant's first motion in limine is granted.

## B.    Prior bad act evidence

The defendant's second motion in limine seeks to exclude any evidence, revealed in documentation of a background records check conducted by the Carroll County Sheriff's Department shortly after the bank robbery at issue, of an outstanding arrest warrant in her name.  Specifically, the defendant seeks to prevent the United States from introducing evidence that she "was wanted in Florida for a contempt of court warrant but no extradition outside Florida."[9]  She argues that such evidence (1) is irrelevant, see Fed. R. Evid. 402; (2) is inadmissible evidence of a prior bad act, see Fed. R. Evid. 404(b); and (3) has probative value, if any, that is substantially outweighed by its prejudicial effect, see Fed. R. Evid. 403.

---

[8]The defendant also sought to exclude:  (1) a June 1990 felony conviction for trafficking in scheduled drugs; and (2) three misdemeanor shoplifting convictions from September 2004.

[9]At issue, presumably, is the admissibility of the information contained in the background check, and not the memorializing documentation itself.

Rule 404(b)[10] prohibits the introduction of evidence of a defendant's prior bad acts unless such evidence is probative of a material fact other than the defendant's character or propensity to commit a crime of the sort for which she is on trial. See Fed. R. Evid. 404(b); United States v. Oppon, 863 F.2d 141, 146 (1st Cir. 1988). The court of appeals has adopted a two-pronged framework to evaluate the admissibility of such evidence. See United States v. DeCicco, 439 F.3d 36, 50 (1st Cir. 2006). Under the first prong, the court "must determine whether the evidence in question has any 'special relevance' exclusive of defendant's character or propensity." Id. Under the second prong, even if some "special relevance" is found, the evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Id.; see also United States v. Sebaggala, 256 F.3d 59, 67 (1st Cir. 2001) (noting that "Rule 404(b) incorporates sub silentio the prophylaxis of Federal Rule of Evidence 403"). Here, the United States has informed the court that it "does not intend to offer the results of the records

---

[10]Rule 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Fed. R. Evid. 404(b).

7

check in the direct examination of any witness in its case-in-chief."

The United States instead asks the court to reserve its right to elicit such information (1) "on redirect examination of any witness called by the government, if appropriate to respond to information elicited; or (2) "in cross-examination of any witness called by the defense." The court, therefore, grants the defendant's second motion in limine, but declines to rule on the admissibility of the contested evidence, for the purposes proposed by the United States, out of context. See, e.g., United States v. Balthazard, 360 F.3d 309, 317 (1st Cir. 2004) (holding that defendant opened the door to cross-examination on Rule 404(b) evidence by testifying about the subject on direct). The court's ruling on the admissibility of this evidence for purposes outside the scope of the motion will be made, if necessary, at trial.

## C.    Statements of Paul Dimeo

The defendant's third motion in limine seeks to preclude the United States from introducing statements that Paul Dimeo made to Sgt. Michael Santuccio of the Carroll County Sheriff's Department. She contends that admission of these statements, which refer to the defendant's involvement in the bank robbery Dimeo is alleged to have committed, would violate her rights

8

under the Confrontation Clause of the Sixth Amendment, as defined in <u>Crawford v. Washington</u>, 541 U.S. 36, 51-52 (2004) (further limiting use in criminal trials of hearsay statements that are "testimonial" in nature).

Again, the United States has indicated that it has no intention of offering the statements identified in the defendant's motion as part of its case-in-chief. The prosecution instead seeks to reserve its rights to elicit testimony regarding these statements on redirect examination, if the defendant opens the door to the substance of these statements on cross-examination, or "in the cross-examination of any witness called by the defense." Presumably, by "any witness," the prosecution is referring to Dimeo and Santuccio. The defendant's motion is therefore granted, but the court's ruling on the use of the statements for the purposes raised by the United States is again deferred until trial.

## II. Conclusion

For the foregoing reasons, the defendant's first motion in limine[11] is DENIED in part, and GRANTED in part. The remaining motions in limine[12] are GRANTED subject to the limitations set forth above.

_____

[11](Document no. 10).

[12](Document nos. 17 and 18).

9

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated:     May 29, 2009

cc:        Richard H. Hubbard, Esq.
           Donald A. Feith, Esq.

10